UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. ACE AMERICAN INSURANCE COMPANY a/s/o Ambridge Hospitality, LLC and Tulsa Hotel Partners, LLC,<br>2. ZURICH AMERICAN INSURANCE COMPANY a/s/o Ambridge Hospitality, LLC and Tulsa Hotel Partners, LLC, and<br>3. LIBERTY MUTUAL FIRE INSURANCE COMPANY a/s/o Ambridge Hospitality, LLC and Tulsa Hotel Partners, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>1. OTIS ELEVATOR COMPANY,<br><br>Defendant. | Case no. 20-cv-00572-GKF-JFJ |

# COMPLAINT

COME NOW, **ACE AMERICAN INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY, and LIBERTY MUTUAL FIRE INSURANCE COMPANY a/s/o Ambridge Hospitality, LLC and Tulsa Hotel Partners, LLC** (collectively "Plaintiffs") and file this their Complaint against Defendant **OTIS ELEVATOR COMPANY** ("Defendant"), and for their causes of action would respectfully show this Court as follows:

## I.

## THE PARTIES

1. Plaintiff **ACE AMERICAN INSURANCE COMPANY** ("ACE") is a Pennsylvania corporation engaged in the business of insurance, with its principal place of business

located at 436 Walnut Street, Philadelphia, PA 19106.  ACE is authorized to transact business in the state of Oklahoma.

2.  Plaintiff **ZURICH AMERICAN INSURANCE COMPANY** (hereinafter "ZAIC") is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196.  It is authorized to transact business and has transacted business in the state of Oklahoma.

3.  Plaintiff **LIBERTY MUTUAL FIRE INSURANCE COMPANY** (hereinafter "Liberty Mutual") is a Wisconsin corporation engaged in the business of insurance, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.  Liberty Mutual is authorized to transact business in the state of Oklahoma.

4.  Defendant **OTIS ELEVATOR COMPANY** (hereinafter "Otis") is a New Jersey corporation, with its principal place of business located at 8 Farm Springs Road, Farmington, Connecticut 06032-2526.  Otis may be served by serving its registered agent for service of process as follows:

> OTIS ELEVATOR COMPANY
> c/o The Corporation Company
> 1833 S. Morgan Road
> Oklahoma City, OK 73128

Plaintiffs request that a Summons be issued to Defendant to allow for service of process.

## II.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §1332(a)(1) because the suit is between citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs.

6. Venue is appropriate pursuant to 28 U.S.C. §1391(a)(2), as the events giving rise to the claim occurred in Tulsa, Tulsa County, Oklahoma. The property that was damaged as a result of the Incident is located in Tulsa, Tulsa County, Oklahoma, and the negligent acts and/or omissions of Defendant Otis took place in Tulsa, Tulsa County, Oklahoma. Tulsa County, Oklahoma is within the jurisdiction of the United States District Court for the Northern District of Oklahoma.

## III.

## FACTS

7. At all relevant times, Tulsa Hotel Partners, LLC owned the personal property and improvements to real property known as the Hyatt Regency Tulsa, located at 100 East 2nd Street, Tulsa, Oklahoma 74103 ("the Property" or "the Hotel"). Aimbridge Hospitality, LLC ("Aimbridge") managed the Hotel.

8. At all relevant times, Plaintiffs issued an insurance policy to Aimbridge Hospitality, LLC that insured the Property against damage, loss and/or peril. Tulsa Hotel Partners, LLC was an additional insured on the policy.

9. On November 16, 2018 at approximately 3:30 p.m., a fire occurred at the Property ("the Fire"). The Tulsa Fire Department was called out to evacuate the Hotel guests, extinguish the Fire, and ventilate the space. Over 400 people were evacuated from the Hotel on the date of the Fire.

10. The Fire originated on the Main Lobby level in the "up" escalator equipment pit. The Fire activated the fire sprinkler and alarm systems.

11. Because the space above the main lobby level's acoustical ceiling panels served as a common HVAC return air supply for the building, smoke from the fire was drawn into the HVAC system and distributed throughout the building. As the smoke circulated through the HVAC system it was dispersed and caused damage throughout the Hotel, which consisted of 454 guest rooms, common-areas, meeting rooms, and tenant lease spaces. The fire and resulting physical damage forced the Hotel to shut down for an extended period. As a result, the Hotel incurred a significant business income loss.

12. At the time of the Fire, Defendant Otis was responsible for and exclusively performed all service, maintenance and repairs to the escalator and its component parts at the Property.

13. On the morning of November 16, 2018, Aimbridge called Otis to request service of the "up" escalator on the Main Lobby level of the Hotel. Aimbridge told Otis at that time that the escalator was making a "clunking" noise and that they needed it inspected and serviced. Later that day, at approximately 3:00 p.m., Aimbridge called Otis to follow-up on the status of their requested service call. Shortly thereafter, between 3:15-3:20 p.m., the escalator stopped working and hotel

employees notice a burning smell coming from the area of the escalator and saw smoke coming from the top of the "up" escalator pit.

14. Plaintiffs' investigation determined that the Fire occurred as a result of an electrical arc fault in the stator windings of the "up" escalator motor. Specifically, the arc fault event ignited combustible dust, lint, oil, fluff and debris, which had accumulated in and around the "up" escalator motor in the equipment escalator pit.

15. The accumulation of dust, lint, oil, fluff and debris in and around the escalator mechanical components and escalator pit was caused by Otis' negligent failure to service, maintain and/or repair the escalator equipment.

16. The Fire and Plaintiffs' damages were a direct and proximate result of Otis' negligent acts and/or omissions.

17. Plaintiffs seek to recover damages caused by the fire, in an amount exceeding $12,500,000, for payments made pursuant to the policy. Plaintiffs have standing to bring this lawsuit and are contractually, legally and/or equitably subrogated to the rights of Aimbridge Hospitality, LLC and Tulsa Hotel Partners, LLC to the extent of payments made under the policy.

## IV.
## FIRST CAUSE OF ACTION - NEGLIGENCE

**A.  Negligence**

18. For Plaintiffs' first cause of action against Defendant Otis, Plaintiffs replead, restate, and reallege the previous paragraphs above as if fully set forth fully herein, and would further show the Court the following:

19. Defendant Otis owed a duty and breached its duty by failing to exercise reasonable care when servicing, maintaining, cleaning and repairing the escalator equipment and related components. Specifically, Defendant Otis failure to maintain the escalator resulted in the accumulation of combustible dust, lint, oil, fluff and debris in the "up" escalator equipment pit where the fire originated and the arc flash which ignited same.

20. Defendant Otis had (1) specialized knowledge with respect to this escalator; (2) performed regular inspections of the escalator equipment; (3) was in the best position to recognize and identify the fire hazards; and (4) was in the best position to diagnose and remedy any problems and/or unsafe conditions observed with the escalator. Defendant Otis, nevertheless, failed to do so.

21. Plaintiffs' damages were caused by the negligent acts and omissions of Defendant Otis in one or more of the following particulars:

  a) Failing to properly and adequately perform the work, labor and services required of it in a manner consistent with reasonable care and industry standards;

  b) Failing to service, maintain, clean and repair the escalator and all component parts according to Otis' own recommendations, instructions, and equipment specifications;

  c) Failing to properly and adequately inspect all components of the escalator to ensure that it was safe for use, free from defects and/or deficiencies, and functioned as designed;

    d)    Failing to correctly identify problems and possible sources and causes of problems involving the escalator and failing to properly diagnose, repair and/or adjust components of the escalator;

    e)    Failing to properly direct, train and supervise its employees to ensure that all work was performed properly and safely;

    f)    Failing to employ persons, contractors, subcontractors and/or independent contractors with the requisite knowledge, qualifications, and experience to perform their scope of work;

    g)    Failing to remove excess dust, lint, oil, fluff and debris from the "up" escalator and its components;

    h)    Failing to recognize, identify, consider, appreciate and take appropriate precautionary safety measures to avoid potential conditions that could present an unreasonable risk of injury, harm or damage to persons or property;

    i)    Failing to warn Aimbridge of the dangerous and unsafe conditions created by the poor, improper and/or inadequate service, maintenance, cleaning and repair of the escalator and its component parts; and

    j)    Otherwise failing to use due care under the circumstance.

22.    Each of the above referenced acts and omissions, singly or in combination with others, constituted negligence, which proximately caused the fire and damages suffered by Plaintiffs, which are in excess of the minimum jurisdictional limits of this court. Plaintiffs also seek reasonable attorneys' fees, court costs and interest pursuant to Title 12 O.S. 1981 § 940.

## V.

## SECOND CAUSE OF ACTION – BREACH OF EXPRESS AND IMPLIED WARRANTIES

23. For Plaintiffs' second cause of action against Defendant Otis, Plaintiffs replead, restate, and reallege the previous paragraphs above as if fully set forth fully herein, and would further show the Court the following:

24. At all times material hereto, Defendant Otis expressly and/or impliedly warranted that it would service, maintain, clean and repair the escalator and its component parts in a good and workmanlike manner.

25. Aimbridge reasonably relied on express and/or implied assurances made by Defendant to its detriment.

26. Defendant also breached these warranties by failing to exercise reasonable care in servicing, maintaining, cleaning and repairing the escalator and its components.

27. Each of the above-referenced acts and omissions, singularly or in combination with others, constitutes breach of warranty, which proximately caused Plaintiffs' damages in excess of the Court's minimum jurisdictional limits.

## VI.

## RESERVATION OF RIGHTS

28. Plaintiffs specifically reserve the right to bring additional causes of action against Defendant and to amend this Complaint as necessary.

## VII.

## JURY DEMAND

29. Plaintiffs demand that this Court empanel a lawful jury to hear the case.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs **ACE AMERICAN INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY, and LIBERTY MUTUAL FIRE INSURANCE COMPANY a/s/o Ambridge Hospitality, LLC and Tulsa Hotel Partners, LLC** request that Defendant **OTIS ELEVATOR COMPANY** be Summoned to appear and answer herein; and that on final hearing, the Court enter a Judgment against Defendant and in favor of Plaintiffs for a sum in the amount of Plaintiffs' actual damages, along with prejudgment interest at the legal rate, post-judgment interest at the legal rate, court costs and attorneys' fees pursuant to Title 12 O.S. 1981 § 940, and such other and further relief, both in law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

By: /s/ Robert Todd Goolsby
Robert Todd Goolsby
Oklahoma Bar No. 12676
Goolsby, Proctor, Heefner & Gibbs, P.C.
701 North Broadway, Suite 400
Oklahoma City, OK  73102
Telephone: (405) 524-2400
Facsimile: (405) 525-6004
Email: tgoolsby@gphglaw.com
ATTORNEYS FOR PLAINTIFFS